**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HANDY BUTTON MACHINE CO.,

Plaintiff,

v.

P. KAUFMANN INC.,

Defendant.

Civil Action No. 20cv116

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Handy Button Machine Co. ("Handy Button"), through its undersigned counsel, alleges as follows against Defendant P. Kaufmann Inc. ("PKI"):

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of a copyrighted work pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 and the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Handy Button seeks a judgment declaring that Handy Button does not infringe, and has not infringed, PKI's copyrighted work, registered with the United States Copyright Office as Copyright Registration VA 1-263-949.

## THE PARTIES

2. Handy Button is a corporation organized and existing under the laws of the state of Delaware, and having a principal place of business at 29 E. Hintz Road, Wheeling, Illinois 60090. Handy Button is a leading furniture resource.

3. On information and belief, PKI is a privately held company organized and existing under the laws of the state of New York, and having a principal place of business at 3 Park Avenue, New York, New York 10016. PKI is a producer of decorative and woven textiles

for the home and hospitality markets, sold under a variety of brand names including P/Kaufmann Fabrics, Braemore Textiles, Golding Fabrics and P/Kaufmann Lifestyles (including Waverly and Williamsburg brands). PKI sells its fabrics throughout the world, including in Illinois. The exclusive distributor for the recreational vehicle and manufactured housing industries, Design/Craft Fabric Corporation, is located in the Northern District of Illinois.

4. PKI identifies itself as the owner of the design "P215 Orchid Isle" (the "PKI Design"), which has been registered with the United States Copyright Office under Copyright Registration VA 1-263-949. *See* Exhibit A.

**JURISDICTION AND VENUE**

5. This action is filed pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, the Copyright Act, 17 U.S.C. §§ 101 *et seq*., and Federal Rule of Civil Procedure 57.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a), as this action arises under the laws of the United States, the Declaratory Judgment Act, and the Copyright Act.

7. The Court has personal jurisdiction over PKI because, on information and belief, PKI regularly conducts business in Illinois, and in this district, advertises and supplies its products to Illinois residents. Further, the Court has personal jurisdiction over PKI because, in the course of its copyright enforcement efforts, PKI has purposefully directed its charges of infringement to Handy Button, a resident of Illinois, and has previously availed itself of Illinois' court system in its copyright infringement efforts, consenting to the court's personal jurisdiction by filing a lawsuit in the Northern District of Illinois.

8. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### Handy Button's Accused Products

9. Handy Button is in the business of selling products related to furniture, including fabricated metal products, upholstery, case goods, cap buckles, hardware, and accessories. Handy Button sells its products to third-party vendors, including Wayfair LLC ("Wayfair").

10. In the course of its business, Handy Button works with furniture designers and fabric mills to select the materials for use in its products.

11. The fabric mills with whom Handy Button works provide fabric samples from which Handy selects material to be used in the manufacture of Handy Button's products.

12. Handy Button purchased a fabric offered on some of its products including its Venecia, Craig, Simona, Chesterfield, and Zhara chairs, Winnetka chair and ottoman, LaSalle Ottoman, Chesterfield bench, and Noleta headboard (the "Accused Products") from a fabric mill. The mill represented to Handy Button that the fabric at issue was independently created by a French designer hired by the mill.

13. Customers seeking to purchase the Accused Products choose to make such purchases primarily on the basis of the quality, comfort, and design of the furniture offered. Handy Button has offered each of the Accused Products in fabric options that are not accused of infringing PKI's copyright. The rate of sale for the products using the fabrics accused of infringement is essentially the same as the rate of sale of the Accused Products sold in other fabrics. Thus, the fabric selected for the furniture plays very little role in the customer's decision to purchase furniture from Handy Button.

14. The accused fabric design is made up of representations of nature, including hummingbirds, leaves, and flowers. The scope of copyright protection for representations of

nature is limited.

15. Handy Button played no role in designing the fabric used in the Accused Products.

**Defendant's Allegations of Copyright Infringement**

16. In correspondence dated June 24, 2019, PKI, through its attorneys, notified Wayfair of PKI's Design, and accused Wayfair of violating PKI's copyright in the Design by offering for sale an armchair, a picture of which is attached hereto as Exhibit B. Thereafter, Wayfair provided the June 24 correspondence to Handy Button.

17. Handy Button sells the chair identified in PKI's June 24 correspondence.

18. PKI alleges that the fabric displayed on the chair identified in its correspondence incorporates a design which infringes the PKI Design. On information and belief, PKI is the owner of the PKI Design, which has been registered with the United States Copyright Office under Copyright Registration VA 1-263-949. *See* Exhibit A.

19. Prior to receiving PKI's June 24 correspondence, Handy Button had no knowledge of or access to PKI's purported design. Upon learning of PKI's allegations, Handy Button ceased all sale of the Accused Products.

20. Regardless, the fabric used in the Accused Products has distinct differences from PKI's Design. The colors of the fabric that Handy Button purchases to use in designing the Accused Products are more vivid, the coloring varied, the natural elements contain a greater level of detail, and the natural elements vary in their arrangement.

21. Since at least June 2019, PKI, through its attorneys, has sent Handy Button repeated notices purporting to describe Handy Button's alleged infringement of PKI's Design by offering for sale the Accused Products.

22. In PKI's June 24, 2019 correspondence, PKI threatened legal proceedings against Handy Button for its alleged copyright infringement, such that "PKI will seek all damages permitted by law, including but not limited to preliminary and permanent injunctive relief, monetary damages, statutory damages and attorneys' fees under the Copyright Act and damages available under other applicable federal and state laws, and through the United States Customs Service." A true and correct copy of PKI's June 24 correspondence is attached hereto as Exhibit C.

23. Although Handy Button denies any wrongdoing, it agreed to discuss the above allegations with Defendant. Despite the parties' numerous discussions, the parties were unable to reach a resolution.

24. By claiming that Handy Button is liable for the infringement of PKI's Design, Defendant threatens Handy Button. This threat causes a substantial, immediate, and real controversy to exist between Handy Button and PKI.

**Handy Button's Lack of Copyright Infringement**

25. Handy Button denies that it is liable—either directly or indirectly—for any alleged infringement of PKI's copyright.

26. Handy Button and its Accused Products have not and do not infringe PKI's Design.

**COUNT I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF DEFENDANTS COPYRIGHT**

27. Plaintiff incorporates by reference Paragraphs 1-26 in their entirety as if fully set forth herein.

28. The Declaratory Judgment Act provides in relevant part:

> In a case of an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

29. To prove copyright infringement, the Plaintiff must prove that "the Defendant [here Handy Button] copied protected expression in Plaintiff's copyrighted work." 7th Cir. Pattern Jury Instructions (2017 rev.) at 327.

30. Handy Button has not copied any protected expression from PKI's copyrighted work and the fabric used in the Accused Products is not substantially similar to PKI's design.

31. An actual and justiciable controversy exists between Handy Button and PKI over the alleged infringement of PKI's Design.

32. Pursuant to 28 U.S.C. §§ *2201 et seq*., Handy Button requests a declaration that Handy Button and its Accused Products do not infringe PKI's copyright in the Design.

**REQUEST FOR RELIEF**

WHEREFORE, Handy Button respectfully requests that this Court enter judgment in Handy Button's favor against PKI and issue an order:

A. Declaring that Handy Button and its Accused Products have not and do not infringe PKI's Design under 17 U.S.C. §§ 101 *et seq.*;

B. Declaring that Defendant and its agents, officers, employees, representatives, successors, assigns, and all other persons acting under authority from Defendant be preliminarily and permanently enjoined from making any further allegations that Handy Button's Accused Products infringe PKI's Design;

C. Awarding Handy Button all costs and attorneys' fees incurred in bringing this action; and

D. Awarding any such other and further relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

January 7, 2019

By: */s/ Julianne M. Hartzell*

Julianne M. Hartzell
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300